**SO ORDERED.**

**SIGNED this 24 day of March, 2011.**

_____
**J. Rich Leonard**
**United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

IN RE:

SILVERDEER, LLC,                                CASE NO. 10-08980-8-JRL

    DEBTOR.                                  Chapter 7

## ORDER

This matter came before the court on the debtor's motion to dismiss and motion for summary judgment. A hearing was held on March 1, 2011, in Raleigh, North Carolina.

The petitioning creditors filed an involuntary chapter 7 petition against the alleged debtor, SilverDeer, LLC, on November 1, 2010. SilverDeer moves to dismiss the involuntary case on the grounds that the petitioning creditors fail to satisfy the requirements of 11 U.S.C. §303(b)(1). Specifically, SilverDeer argues that the claims upon which the creditors base their petition are a single claim subject to bona fide dispute.

## BACKGROUND

The alleged debtor is a limited liability company under the laws of North Carolina. Howard A. Jacobson ("Jacobson") and Richard S. Deckelbaum ("Deckelbaum") are its member managers. SilverDeer functions as a holding company for investments in other entities and

largely serves as a guarantor on various loan agreements in real estate projects, making most of its liabilities contingent. On June 17, 2009, SilverDeer, Jacobson, Deckelbaum, and various other entities were named as defendants in <u>Berton v. Jacobson</u> (No. 09-CVS-010870), a lawsuit pending before the North Carolina Business Court ("state court litigation"). The law firm of Kilpatrick Stockton represented SilverDeer. On March 15, 2010, Deckelbaum sent a letter to Kilpatrick Stockton terminating his individual representation in the matter. Deckelbaum obtained new counsel, Ralph J. DiLeone, and commenced settlement negotiations with the state court litigation's plaintiffs, represented by James C. White. The negotiations were reduced to a settlement agreement which released claims between the state court plaintiffs and SilverDeer in exchange for $4 million to be paid within 10 days of signing. Jacobson and Kilpatrick Stockton were unaware of the settlement negotiations and agreement.

## DISCUSSION

At issue is whether the $4 million claim against SilverDeer for the settlement agreement is subject to a bona fide dispute. More specifically, the issue is whether there is a bona fide dispute as to Deckelbaum's authority to bind SilverDeer to liability for the $4 million settlement agreement. Section 303(b) of the Bankruptcy Code sets forth certain qualifications for the commencement of an involuntary case. If the alleged debtor has 12 or more eligible creditors,[1] then three or more petitioning creditors can file an involuntary case. 11 U.S.C. §303(b)(1). An eligible creditor is one whose claim is not contingent as to liability or the subject of a bona fide

---

[1] Section 303(b) also has eligibility requirements for debtors with fewer than 12 creditors. §303(b)(2). SilverDeer submitted a list of creditors on January 12, 2011, pursuant to Federal Rule of Bankruptcy Procedure 1003(b) to demonstrate it has 12 or more creditors. Therefore, §303(b)(2) is not applicable in this case, and SilverDeer's qualifications for involuntary bankruptcy are analyzed under §303(b)(1).

dispute as to liability or amount.  Id.  The petitioning creditors claims must aggregate at least $14,425.00.  Id.

The petitioning creditors' claim for $4 million is based on the settlement agreement signed by Deckelbaum, which bound SilverDeer to its terms.  As a member manager, Deckelbaum's authority to act on behalf of SilverDeer is governed by North Carolina Limited Liability Company Act, N.C. Gen. Stat. §§57C-1-01 to 57C-10-07, and the company's articles of organization and written operating agreement.  The LLC Act provides default provisions specifically addressing a manager's authority to act on behalf of the LLC; however, the default provisions only apply in the absence of explicitly different terms included in the articles or operating agreement.  Russell M. Robinson, II, Robinson on North Carolina Corporate Law §34.01 (7th ed. 2009).

The court finds there are two bases for disputing Deckelbaum's authority to bind SilverDeer to the settlement agreement: the LLC Act and SilverDeer's operating agreement.  The LLC Act states that every manager is an agent for the LLC such that each manager's acts bind the LLC when done for the purpose of carrying on in the usual course of business, unless the articles or operating agreement limit his authority further.  N.C. Gen. Stat. §57C-3-23.  The converse is also true, such that the act of a manager done outside the usual course of business does not bind the LLC unless authorized in fact or ratified by the LLC.  Id.  There is limited case law interpreting this specific section of the LLC Act.  The North Carolina Court of Appeals, however, found that the filing of a lawsuit in the LLC's name by one manager against the other co-manager was an act outside the ordinary course of business and thus was not binding on the LLC.  Crouse v. Mineo, 658 S.E.2d 33, 38-39 (N.C. App. 2008).  While not directly on point,

Deckelbaum's agreement to settle a lawsuit in which the LLC is a named defendant is arguably not an act in the ordinary course of business just as filing a lawsuit in the LLC's name is not in the ordinary course.

SilverDeer's operating agreement generally grants Deckelbaum and Jacobson authority to act on behalf of the LLC without consent from the other.  Section 3.4 of the agreement limits their abilities to act on behalf of the LLC by requiring super-majority approval (here, from both Deckelbaum and Jacobson) for certain acts.  Relevant to these facts, Section 3.4 of the agreement requires a super-majority to approve "any act which would make it impossible to carry on the ordinary business of the Company."  Based on the arguments and facts presented at the hearing, SilverDeer did not have assets close to $4 million at the time of the settlement and had approximately $45 million in liabilities.  Pledging payment of $4 million in ten days to the state court plaintiffs was arguably an act that would make it impossible for SilverDeer to continue operating.

The default provision of the LLC Act which nullifies acts not in the ordinary course of business and the limits of Section 3.4 of the operating agreement cast sufficient doubt as to whether Deckelbaum had the authority to bind SilverDeer to a $4 million claim.  The court does not need to definitively conclude whether Deckelbaum had the authority to bind SilverDeer to the settlement, but rather it is sufficient to find there is a bona fide dispute regarding his authority for the purposes of 11 U.S.C. §303(b).  Given that the petitioning creditors do not have a claim for at least $14,425.00 that is not contingent or subject to bona fide dispute, and that no other creditors have stepped forward as petitioning creditors, the case is hereby **DISMISSED**.

**END OF DOCUMENT**