IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CV-350-FL

| | |
|---|---|
| ROBERT BERTON, et al., ) | |
| ) | |
| Petitioners, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| ) | |
| SILVERDEER, LLC, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the court on appeal from order of the United States Bankruptcy Court, dated May 3, 2011. Appellants filed notice of appeal in this court on July 1, 2011, pursuant to 28 U.S.C. § 158(a) and Rule 8001(a) of the Federal Rules of Bankruptcy Procedure. The appeal has been fully briefed, and the matter is now ripe for decision. For the reasons that follow, the decision below is affirmed in part and reversed in part.

## BACKGROUND

On November 1, 2010, appellants[1] filed an involuntary chapter 7 petition with the United States Bankruptcy Court for the Eastern District of North Carolina and named SilverDeer, LLC ("SilverDeer") as debtor. SilverDeer filed motion to dismiss on November 23, 2010. After a discovery period ordered by the bankruptcy court, SilverDeer moved for summary judgment on January 31, 2011. SilverDeer argued that appellants failed to satisfy the requirements of 11 U.S.C. § 303(b)(1) because the claim upon which appellants based their petition was subject to bona fide

---

[1] The individual appellants are: Robert Berton, Eldon Bolton, Andrea Burns, Edward Burns, Gail Dwyer, Stephen Dwyer, James Farrell, Janice Farrell, Daniel Gillis, Wayne Gould, Eric M. Levin, Betsy Sawicki, Howard Shareff, Shareff & Associates DDS P.A., Constance Utecht, Michael Utecht, and Alan Woltman (collectively, "appellants").

dispute.

By order entered March 24, 2011, the bankruptcy court held that appellants' claim was subject to bona fide dispute and accordingly dismissed the involuntary bankruptcy case.

On March 15, 2011, SilverDeer filed motion for costs and attorney's fees pursuant to 11 U.S.C. § 303(i). The bankruptcy court granted SilverDeer's motion on May 3, 2011, and awarded SilverDeer's member and manager, Howard A. Jacobson ("Jacobson") a total sum of $24,678.41, comprised of $24,062.50 in attorney's fees and $615.91 in costs.

Appellants filed notice of appeal on July 1, 2011 and opening brief on July 18, 2011. SilverDeer responded on August 2, 2011, and appellants replied August 16, 2011.

## DISCUSSION

A.  Standard of Review

This court has appellate jurisdiction pursuant to 28 U.S.C. § 158(a)(1) to review the bankruptcy court's order. "On an appeal [from the bankruptcy court] the district court . . . may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013. Findings of fact are reviewed for clear error, and questions of law are reviewed *de novo*. Bowers v. Atlanta Motor Speedway (In re Southeast Hotel Properties Ltd. Partnership), 99 F.3d 151, 154 (4th Cir. 1996); see also Fed. R. Bankr. P. 8013 ("Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.").

B.   Analysis

Appellants raise the following three arguments on appeal: (1) the bankruptcy court erred in entering judgment in favor of Jacobson, rather than SilverDeer; (2) the bankruptcy court erred in awarding attorney's fees where SilverDeer suffered minimal loss in responding to the involuntary petition; and (3) the bankruptcy court erred in awarding attorney's fees for time during which Jacobson was acting in his capacity as a member/manager of SilverDeer and for time that was not necessary in defending the involuntary petition.

The court addresses each of these arguments below.

1.   Judgment in Favor of Jacobson Rather Than SilverDeer

Appellants argue that the bankruptcy court erred in entering judgment in favor of Jacobson, SilverDeer's attorney, rather than in favor of SilverDeer, the alleged debtor. SilverDeer responds: "The Court's May 3, 2011 Judgment unquestionably satisfies SilverDeer's liability to Jacobson and, therefore, is a judgment in favor of SilverDeer. The path followed by the cash is entirely irrelevant to whether judgment was entered for SilverDeer, as it plainly was." Appellee's Br. 16.

Section 303(i) of Bankruptcy Code states:

(i)   If the court dismisses a petition under this section other than on consent of all petitioners and the debtor, and if the debtor does not waive the right to judgment under this subsection, the court may grant judgment--
    (1) against the petitioners and in favor of the debtor for--
        (A) costs; or
        (B) a reasonable attorney's fee; or
    (2) against any petitioner that filed the petition in bad faith, for--
        (A) any damages proximately caused by such filing; or
        (B) punitive damages.

11 U.S.C. § 303(i). No allegation of bad faith has been made, and the court's attention is drawn specifically to section 303(i)(1).

3

The bankruptcy court entered judgment "in favor of Howard A. Jacobson in the total sum of $24,678.41 comprised of $24,062.50 in attorney's fees and $615.91 in costs." In re SilverDeer, LLC, No. 10-08980-8-JRL (Bankr. E.D.N.C. May 3, 2011). At hearing, Judge Leonard asked Jacobson, "So, in your view, there is nothing wrong with just asking for [the attorney's fees] to be paid directly to you to extinguish SilverDeer's liability in this case?" Hr'g Tr. 5 (DE # 4). Jacobson responded, "Absolutely." Id.

The plain language of the section 303(i) makes clear that judgment should be granted "in favor of the debtor." 11 U.S.C. § 303(i). See also In re Better Care, Ltd., 97 B.R. 405, 415 (Bankr. N.D. Ill. 1989) ("the attorney's fees under 303(i) are clearly owed to the debtor, not the attorney."); In re VII Holdings Company, 362 B.R. 663, 667 (D. Del. 2007) ("only a debtor may recover attorneys' fees and costs under subsection (1)"). While the bankruptcy court may have entered judgment in favor of Jacobson in the interest of expedient payment, such action contravenes the plain language of § 303(i). Furthermore, appellants' objection is not merely formalistic. As appellants note, judgment in favor of Jacobson personally rather than in favor of [SilverDeer] may prevent appellants from asserting a possible future right to setoff. Appellants' Br. 4.

Accordingly, the court holds that any judgment for attorney's fees must be granted in favor of the alleged debtor, SilverDeer.

2.      SilverDeer's Alleged Minimal Loss

In addition to challenging the form of judgment, appellants object to any award of attorney's fees resulting from the involuntary petition. The court, in considering appellants' challenge, is mindful that the bankruptcy court has discretion in determining whether to grant attorney's fees. In re Stephen H. Fox, 171 B.R. 31, 33 (Bankr E.D. Va. 1994). "Moreover, once the alleged debtor

4

establishes the case has been dismissed, the burden shifts to the petitioning creditors to present evidence to support disallowing costs and attorney fees; unless the petitioners can overcome their burden, the court may routinely allow costs and attorney fees to the alleged debtor." Id. (internal quotation marks and citations omitted).

Appellants first argue that "[b]ecause Jacobson is member/manager of [SilverDeer], the company essentially represented itself." Appellants' Br. 5. As a result, appellants argue, SilverDeer does not owe attorney's fees. Fourth Circuit precedent forecloses this argument. In Bond v. Blum, 317 F.3d 385 (4th Cir. 2003), the court stated: "When a member of an entity who is also an attorney represents the entity, he is in an attorney-client relationship with the entity." Id. at 400. Here, while Jacobson was a manager and member of SilverDeer, he was also a licensed attorney in good standing, and he acted as SilverDeer's counsel in the involuntary bankruptcy proceeding.

Next, appellants argue that "because [SilverDeer] is basically a holding company that does not carry on any active business outside of managing assets, any compensable disruption to [SilverDeer's] business activities caused by this case was minimal." Appellants' Br. 5. The record demonstrates that SilverDeer expended resources and suffered injury to its reputation as a result of the involuntary bankruptcy proceeding. See Jacobson Decl. 2-3 (DE # 2-5). Furthermore, section 303(i) does not require a showing of any disruption of business suffered by defendant. Rather, it states simply: "If the court dismisses a petition under this section . . . the court may grant judgment (1) against the petitioners and in favor of the debtor for . . . (B) reasonable attorney's fee." 11 U.S.C. § 303(i).

Accordingly, the court finds that SilverDeer enlisted Jacobson to defend against the involuntary petition, that an attorney-client relationship was formed, and that appellants therefore

5

owe SilverDeer reasonable attorney's fees and costs pursuant to 11 U.S.C. § 303(i).

        3.              Whether the Amount Awarded was Reasonable

Finally, appellants challenge the reasonableness of the bankruptcy court's fees award. Appellants contend that certain worked billed by Jacobson was not necessary to defending against the involuntary petition. Specifically, appellants challenge the granting of fees for: (1) Jacobson's work done allegedly in his capacity as a member-manager of SilverDeer rather than as its attorney; (2) factual discovery regarding the negotiation of appellants' settlement agreement with SilverDeer; and (3) work relating solely to SilverDeer's application for attorney's fees. As discussed below, the court affirms the bankruptcy court's finding of reasonableness.

Appellants first challenge the award of fees for work done by Jacobson allegedly in his capacity as member-manager of SilverDeer, rather than as its attorney.[2] The bankruptcy court found as fact that Jacobson performed these acts in his capacity as SilverDeer's attorney. This finding was not clearly erroneous, where the work described would reasonably be performed by an attorney representing an alleged debtor in defending against an involuntary bankruptcy petition. Therefore, the bankruptcy court's inclusion of this time in the final attorney's fees award is affirmed.

Next, appellants challenge any award of fees for factual discovery regarding negotiation of appellants' settlement agreement with SilverDeer. Appellants' Br. 8-9 (itemizing the challenged time). Based on the record before the court, this work was relevant to establishing that appellants'

---

[2] Specifically, appellants object to the following four entries:
- 11/17/10 - 0.75 hours for "Preparation for and meeting with potential attorney"
- 1/11/11 - 2 hours to "Review ledger reports to prepare list of creditors and review calculation of amounts owed; Prepare list for filing"
- 1/18/11 - 1 hour for "Meeting with potential counsel"
- 2/18/15 - 3.50 hours to "Prepare for and give deposition [as the N.C.R. Civ. P. 30(b)(6) designee of SilverDeer, LLC]"

Appellants' Br. 7.

claim was subject to bona fide dispute. And as stated above, appellants' involuntary bankruptcy petition was ultimately dismissed on grounds of a bona fide dispute, pursuant to 11 U.S.C. § 303(b). Therefore, the bankruptcy court reasonably included fees for factual discovery in its final award of attorney's fees.

Finally, appellants argue that SilverDeer is not entitled to attorney's fees for the 5.75 hours of work related to the motion for attorney's fees. Appellants cite In re Fox, 171 B.R. 31, 34 (Bankr. E.D. Va. 1994) for the proposition that courts should not award fees with respect to the controversy over fees. However, this court finds compelling the Ninth Circuit's holding in In re S. Cal. Sunbelt Developers, Inc., 608 F.3d 456, 461 ("The first issue is whether § 303(i) authorizes a recovery of attorney's fees incurred litigating a § 303(i) motion. We hold that it does."). Accord In re Express Car & Truck Rental, Inc., 440 B.R. 442, 436 (Bankr. E.D. Pa. 2010). Therefore, the court agrees with the bankruptcy court that SilverDeer is entitled to an award for attorney's fees incurred litigating the § 303(i) motion.

## CONCLUSION

For the foregoing reasons, the court AFFIRMS in part and REVERSES in part the bankruptcy court's award of attorney's fees. The case is now REMANDED to the bankruptcy court for further proceedings consistent with the court's decision.

SO ORDERED, this the 28th day of December, 2011.

*/s/ Louise W. Flanagan*

LOUISE W. FLANAGAN
United States District Judge