**SO ORDERED.**

**SIGNED this 09 day of May, 2012.**

_____
**J. Rich Leonard**
**United States Bankruptcy Judge**

---

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

SILVERDEER, LLC,                           CASE NO. 10-08980-8-JRL
                                           CHAPTER 7
    DEBTOR.

### ORDER

This matter came before the court on Howard Jacobson's, the debtor's attorney, motion for the court to release funds held by the court. A hearing was held on May 1, 2012 in Raleigh, North Carolina.

An involuntary petition for relief under chapter 7 of the Bankruptcy Code naming SilverDeer, LLC ("SilverDeer") as debtor was filed by petitioning creditors[1] on November 1, 2010. On March 24, 2011, SilverDeer's involuntary bankruptcy case was dismissed. In an order entered May 3, 2011, the court entered a judgment in favor of Mr. Jacobson pursuant to 11 U.S.C. § 303(i) for SilverDeer's costs and attorney's fees in the amount of $24,678.41. The

---

[1] The petitioning creditors were: Robert Berton, Eldon Bolton, Andrea Burns, Edward Burns, Gail Dwyer, Stephen Dwyer, James Farrell, Janice Farrell, Daniel Gillis, Wayne Gould, Eric M. Levin, Betsy Sawicki, Howard Shareff, Shareff & Associates DDS P.A., Constance Utecht, Michael Utecht, and Alan Woltman.

petitioning creditors filed a notice of appeal regarding the May 3, 2011 order. On June 27, 2011, the court entered an order staying the May 3, 2011 order pending appeal, on the condition that the petitioning creditors post a $30,000.00 supersedeas bond with the court within 10 days. The district court entered an order on December 28, 2011, affirming the bankruptcy court's award of $24,062.50 in attorney's fees and $615.91 in costs. The district court directed the bankruptcy court to direct this award to SilverDeer, LLC, which the bankruptcy court did by order entered on January 23, 2012. SilverDeer assigned this judgment to Mr. Jacobson.

At the hearing, Branch Banking and Trust ("BB&T") alleged that it was a judgment creditor of the debtor and entitled to the money due to its status as a judgment creditor. Mr. Jacobson argued that BB&T's claim was unsecured and that BB&T was not entitled to any proceeds from the fund held by the clerk.

"A judgment creditor acquires a lien on the judgment debtor's real estate by docketing. But he acquires no lien on the personalty until there has been a valid levy." Community Credit Co. Of Lenoir v. Norwood, 257 N.C. 87, 91 (1962). To constitute a valid levy on a money judgment, the sheriff must gain possession of the property or bring it within his control. In re Phipps, 202 N.C. 642 (1932). The court finds that BB&T does not have a valid lien on the money judgment because the sheriff failed to levy on the funds.

However, this does not resolve the matter. While the hearing on this motion was taking place, the Internal Revenue Service served a notice of levy on the Clerk of Court to encumber any funds belonging to SilverDeer. The Clerk is directed to retain custody of the funds pending further orders.

**END OF DOCUMENT**